# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Nidhaan KHANNA, d/o/b  xx/xx/2006 | ) | Case No. 25-883M(NJ) |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___March 27, 2025 - May 2, 2025___ in the county of ___Milwaukee___ in the

___Eastern___ District of ___Wisconsin___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C. § 1349 | Conspiracy to commit wire fraud |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

PHILLIP C BYRD

Digitally signed by PHILLIP C BYRD
Date: 2025.05.02 13:40:23 -05'00'

*Complainant's signature*

Phillip Byrd, Special Agent -DHS-ICE-HSI

*Printed name and title*

Sworn via telephone; transmitted via email
pursuant to Fed. R. Crim. 4.1

Date: 5/2/2025

*Judge's signature*

City and state:  Milwaukee, Wisconsin

Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Phillip Byrd, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 1349, conspiracy to commit wire fraud, have been committed by an individual impersonating a federal agent purportedly named NOAH PHILLIPS, Nidhaan KHANNA, name, and others, known and unknown.

2. I am a sworn law enforcement officer currently employed as a Special Agent with the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI), and have been so employed since July 2023. I am currently assigned to the HSI Office of the Resident Agent in Charge in Milwaukee, Wisconsin. My duties include investigating criminal violations relating to financial and cyber crimes. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center located in Glynco, Georgia and the HSI Special Agent Training program at the HSI Academy in Glynco, Georgia. Through these programs I have received training in investigations of wire fraud, mail fraud, and cyber crimes.

3. This affidavit is being submitted in support of an application for an arrest warrant for Nidhaan KHANNA. There is probable cause to believe that KHANNA violated Title 18, United States Code § 1349, conspiracy to commit wire fraud.

4. The information contained within this affidavit is based on my personal knowledge, training and experience, as well as information provided me by other law enforcement officers assisting with this investigation. I have not included every fact known to

me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the arrest of KHANNA.

**PROBABLE CAUSE**

5. Victim 1 is 74 years old and a resident of Milwaukee, Wisconsin.

6. On or about March 27th, 2025, Victim 1 was browsing the internet on an electronic device and received a pop-up message stating their device was hacked and to call a telephone number for support. Victim 1 called the telephone number for support.

7. Approximately on March 28th, 2025, Victim 1 received a telephone call from an individual purporting to be a federal agent, Noah PHILLIPS with the Federal Trade Commission of the U.S. Government. PHILLIPS advised Victim 1 that their identity was used in the commission of crimes to include money laundering, wire fraud, and child pornography. PHILLIPS stated to Victim 1 that a "Rosemary K Palmer" was using Victim 1's identity.

8. To safeguard Victim 1's money, PHILLIPS instructed Victim 1 that they must transfer Victim 1's money to a secure locker with the U.S. Government in Washington, D.C. PHILLIPS instructed Victim 1 to withdraw funds from Victim 1's bank in $1,000 United States dollars (USD) denominations and place the cash in a cardboard box, taped up, with Victim 1's name, address, the amount and case ID that PHILLIPS provided Victim 1. PHILLIPS advised Victim 1 that his associate would visit Victim 1's home to retrieve the box from her.

9. On or around March 29th, 2025, PHILLIPS instructed Victim 1 to gather cash that was kept safe at her house and to withdraw money from the bank. Victim 1 withdrew $4,000 cash from Huntington Bank and gathered cash that was kept at her house. It is unknown to agents at this time how much cash Victim 1 had at her residence. PHILLIPS instructed Victim 1 to take

2

a photograph of all the cash and send a picture to him via text message to phone number 848-310-3990.

10. On the same day, PHILLIPS instructed Victim 1 to put the cash in a box and tape the box closed with a piece of paper containing Victim 1's name, address, amount of cash, and case ID that PHILLIPS had provided. PHILLIPS stated that his associate would be coming later that afternoon. PHILLIPS stated the associate would provide Victim 1 with a password and once the password was provided, Victim 1 handed the box to the associate. The first box was given to the driver on March 29th, 2025.

11. PHILLIPS instructed Victim 1 to withdraw further funds from the bank. On March 31st, 2025, Victim 1 withdrew $20,000 from Huntington Bank, $8,000 from a different branch location for Huntington Bank and $5,000 from North Shore Bank. PHILLIPS instructed Victim 1 to send him a picture of the cash with the withdrawal slips. Victim 1 sent him the pictures via text message to 848-310-3990. PHILLIPS instructed Victim 1 of the password for that handoff, "ROGER". The associate came to pick up the 2nd package on March 31st, 2025.

12. On or about April 2, 2025, Victim 1 withdrew $20,000 cash from their savings account at a local branch followed by an additional $8,000 cash from another local branch of the same bank.

13. On or about April 2, 2025, PHILLIPS, while on a telephone call with Victim 1, instructed Victim 1 to hand a taped box containing $28,000 USD to an individual who verbally stated the passcode that PHILLIPS provided to Victim 1, "ALPHA".

14. On or about April 4, 2025, Victim 1 was instructed to withdraw $35,000 cash from their bank accounts. As done previously, PHILLIPS instructed the victim to box up the cash

3

and hand it to an associate that visited Victim 1's residence. The associate verbally relayed the password, "BRAVO" to Victim 1 while PHILLIPS was connected to Victim 1 via telephone call.

15. On or about April 8, 2025, PHILLIPS directed Victim 1 to visit multiple bank branches to withdraw $30,000 cash then proceeded to give Victim 1 directions to hand over the cash for safekeeping via a courier visiting Victim 1's home while on the telephone with Victim 1. The associate verbally relayed the password, "WISDOM" to Victim 1 while PHILLIPS was connected to Victim 1 via telephone call.

16. After depleting Victim 1's savings, PHILLIPS continued to communicate daily with Victim 1 via telephone calls from phone number, 202-435-0219. PHILLIPS convinced Victim 1 to apply for home equity loans at two separate banks for $50,000 each. On or about April 28, 2025, with consent of Victim 1, HSI Special Agents recorded a phone call with Victim 1 and PHILLIPS. The context of the conversation was PHILLIPS inquiring about the status of the loans.

17. Victim 1 told PHILLIPS that the loans were pending and he/she would be receiving the cash on Friday, May 2, 2025. PHILLIPS explained that he would be preparing a document and would send Victim 1 an email with the FTC document concerning the case along with a copy of a cashier's check payable to Victim 1. The following day, Victim 1 received an email from PHILLIPS with an attachment detailing the FTC's investigation of Victim 1 which included Victim 1's information including name, address, and Social Security Number (SSN).

18. Per a recorded conversation that I was present for, Victim 1 received a telephone call from PHILLIPS inquiring about the loan status. Victim 1 explained that she was meeting with the bank and would be receiving the funds on May 2, 2025. PHILLIPS requested a return telephone call after Victim 1 returned home. Shortly afterwards, Victim 1 called PHILLIPS in the

4

presence of HSI Special Agents to arrange a pickup of cash on May 2, 2025. PHILLIPS explained that he would arrange an agent to visit Victim 1's home then proceeded to explained that the case would be cleared next week and Victim 1 would be receiving a new SSN.

19. On May 1, 2025, at the direction of HSI, a fabricated document was produced by Victim 1's bank to show the home equity loan of $50,000 was dispersed to Victim 1 in cash. Victim 1 shared photographs of the loan dispersal document and $50,000 to PHILLIPS via text message.

20. On May 2, 2025, HSI special agents and local law enforcement conducted an operation at Victim 1's residence. At approximately 10:30 a.m., HSI special agents observed a grey Hyundai Accent bearing Indiana temp plate 733F042 park in front of the residence. The driver, a male in his early 20's, was observed exiting the vehicle, walking towards Victim 1's residence, and meeting with Victim 1. PHILLIPS had provided Victim 1 with a password for that pick-up, "rock". Law enforcement, staged inside of the Victim 1's house, heard KHANNA provide Victim 1 with the password "rock". The verbal password matched the phrase PHILLIPS provided Victim 1 via being on the phone during the entire interaction. Law enforcement witnessed the exchange of the box containing sham money with Victim 1 handing KHANNA the box. KHANNA turned around to return to his vehicle with the package from Victim 1 and was arrested by law enforcement agents.

21. During the initial detention of KHANNA, HSI special agents observed an active call with +44 7360 249700 on KHANNA's phone and the phone was on speaker.

5

## CONCLUSION

22. Based on the above information, there is probable cause to believe that KHANNA, PHILLIPS, and others unknown violated Title 18, United States Code, Section 1349 (conspiracy to commit wire fraud).